**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN**

MELISSA CARPENTER,

    Plaintiff,

v.

ANN ARBOR PUBLIC SCHOOLS,

    Defendant.

Case No.:

Hon.

---

DAVID A. NACHT (P47034)
NACHTLAW, P.C.
Attorney for Plaintiff
501 Avis Dr, Ste 3
Ann Arbor, MI 48108
(734) 663-7550
dnacht@nachtlaw.com

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff Melissa Carpenter, by and through her attorneys, NACHTLAW, P.C., brings this action against Defendant Ann Arbor Public Schools and hereby alleges as follows:

### INTRODUCTION

1. Plaintiff Melissa Carpenter brings this civil rights action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") and the Michigan Elliott-Larsen Civil Rights Act, M.C.L. § 37.210 *et seq.* ("ELCRA") to remedy illegal age discrimination and retaliation perpetrated by Defendant.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to the ADEA, 29 U.S.C. § 621 *et seq.* (age discrimination); 28 U.S.C. § 1331 (federal question jurisdiction); and 28 U.S.C. § 1343(a)(4) (jurisdiction over civil rights claims), as well as supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. This Court also has jurisdiction of all claims pled herein pursuant to 28 U.S.C. §1332, as there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000, exclusive of costs, interests, and attorney fees.

4. Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this judicial district.

5. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of her age. Plaintiff received her Notice of Right to Sue on June 8, 2023.

## PARTIES

6. Plaintiff Melissa Carpenter is an employee of Defendant Ann Arbor Public Schools and a resident of Dublin, Ohio.

7. Defendant Ann Arbor Public Schools ("AAPS") is a Michigan public school district pursuant to the School Code of 1976, M.C.L. 380.1 *et seq.*, with principal offices in Ann Arbor, Washtenaw County, Michigan.

## FACTUAL ALLEGATIONS

8. At the time relevant to this action Plaintiff was forty-six (46) years old.

9. Plaintiff began working as a music teacher for AAPS on November 15, 2000.

10. Over the course of her employment with AAPS, Plaintiff has received consistently excellent evaluations.

11. In June of 2016, Plaintiff took a leave of absence from her position for approximately 2 years.

12. Prior to this leave of absence, Plaintiff had been working as a co-director of the band at a traditional middle school within the AAPS district.

13. Upon returning from this leave of absence in August of 2018, Plaintiff was assigned to teach a dramatically different schedule than when she left, including teaching elementary and middle school strings, which she had never taught before.

14. Starting with the 2020-21 school year, Plaintiff's pay was significantly reduced because she was no longer assigned to teach in any traditional middle schools, but only in kindergarten through 8th grade buildings where the teaching stipend is 50% less.

3

15. In 2021and 2022, Plaintiff reapplied for her prior middle school band co-director position. On both occasions, younger, less-experienced applicants were hired over Plaintiff, despite her significant experience in the relevant job.

16. Similarly, in 2021, Plaintiff applied for a different band director position within the district. Again, a younger, less experienced applicant was chosen over Plaintiff.

17. During the 2021-22 school year, Plaintiff was assigned to work in an exorbitant six schools. As a result, she submitted a request to AAPS Fine Arts Director Robin Bailey asking to be assigned to fewer than six buildings the following year.

18. Instead, during the 2022-23 school year, Ms. Bailey assigned Plaintiff to work in a total of *seven* schools, a heavier workload than that of any other AAPS band teacher.

19. In fact, the only AAPS middle school band director assigned to travel to other schools is over the age of 60; the only AAPS band teacher assigned to travel to all the middle schools to assist is a K-8 building band director over the age of 50; and the only other band teacher besides Plaintiff assigned to teach in 6 buildings is over the age of 50.

20. Meanwhile, Plaintiff's younger colleagues continue to enjoy much lighter workloads and are assigned to handle approximately half as many schools as she is.

21. Plaintiff must set up and tear down classrooms on cafeteria stages, travel greater distances between buildings, teach more beginning band students, take responsibility for the care and maintenance of more instruments, and handle more daytime assembly and evening concert commitments than her younger colleagues.

22. In response, Plaintiff has repeatedly sought assistance from her union, and her union representative spoke with Ms. Bailey's supervisor, Dawn Linden, and asked for the formula by which band co-directors are assigned within AAPS.

23. On information and belief, no such formula exists, and band co-directors are simply assigned at the whim of the AAPS Music Coordinator.

24. On information and belief, Ms. Bailey learned about this request from Ms. Linden and is aware that it came from Plaintiff.

25. Since Plaintiff returned from her leave of absence and was assigned to handle this untenably packed schedule, she has repeatedly asked Ms. Bailey to assign her to fewer schools, to no avail.

26. In fact, when Plaintiff received her 2023-24 schedule, in addition to the 6 schools she was assigned to teach in, Ms. Bailey had also designated Plaintiff's Thursday mornings "special assignment as needed."

27. When one of Plaintiff's colleagues informed Ms. Bailey that she had assigned Plaintiff to work in one school at a time when no band classes were even taking place, Plaintiff received an updated schedule without any "special assignment as needed" designation but was still expected to handle her 6-school workload.

28. The conduct of AAPS, as alleged in this action, constitutes willful age discrimination and retaliation.

## COUNT I

### DISPARATE TREATMENT IN VIOLATION OF THE ADEA

29. Plaintiff incorporates by reference each preceding Paragraph as though fully restated herein.

30. At all relevant times, Defendant was an employer with more than 20 employees, and Plaintiff was an employee covered by and within the meaning of the ADEA.

31. Plaintiff is a member of a protected group because she is over 40.

32. Defendant, by its agents, representatives, and employees, was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

33. By assigning her an untenably heavy workload by comparison to her younger colleagues, Defendant subjected Plaintiff to disparate treatment in whole or in part because of her age.

6

34. But for Plaintiff's age, Defendant would not have subjected her to this disparate treatment.

35. Defendant's actions constitute unlawful discrimination against Plaintiff because of her age pursuant to 29 U.S.C. § 623(a).

36. Defendant's actions in violation of the ADEA were willful.

37. Defendant has no legitimate business reason for its actions in violation of the ADEA, which specifically prohibits discrimination against any person regarding employment and/or the terms of employment on the basis of age.

38. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered loss of income, emotional and physical distress, mental and physical suffering, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

39. As a further direct and proximate result of Defendant's violation of the ADEA, Plaintiff has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

40. Defendant's actions were undertaken with callous disregard, recklessness, and indifference to Plaintiff's federally protected civil rights, entitling her to punitive damages.

## COUNT II

**HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE ADEA**

41. Plaintiff incorporates by reference each preceding Paragraph as though fully restated herein.

42. At all relevant times, Defendant was an employer with more than 20 employees, and Plaintiff was an employee covered by and within the meaning of the ADEA.

43. Plaintiff is a member of a protected group because she is over 40.

44. Defendant, by its agents, representatives, and employees, was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

45. By assigning Plaintiff an untenably heavy workload by comparison to her younger colleagues and offering her no help or support whatsoever despite her numerous pleas, Defendant subjected Plaintiff to a hostile work environment on the basis of her age.

46. But for Plaintiff's age, Defendant would not have subjected her to this hostile work environment.

47. Defendant's actions constitute unlawful discrimination against Plaintiff because of her age pursuant to 29 U.S.C. § 623(a).

48. Defendant's actions in violation of the ADEA were willful.

49. Defendant has no legitimate business reason for its actions in violation of the ADEA, which specifically prohibits discrimination against any person regarding

employment and/or the terms of employment on the basis of age.

50. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered loss of income, emotional and physical distress, mental and physical suffering, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

51. As a further direct and proximate result of Defendant's violation of the ADEA, Plaintiff has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

52. Defendant's actions were undertaken with callous disregard, recklessness, and indifference to Plaintiff's federally protected civil rights, entitling her to punitive damages.

## COUNT III
## FAILURE TO HIRE IN VIOLATION OF THE ADEA

53. Plaintiff incorporates by reference each preceding Paragraph as though fully restated herein.

54. At all relevant times, Defendant was an employer with more than 20 employees, and Plaintiff was an employee covered by and within the meaning of the ADEA.

55. Plaintiff is a member of a protected group because she is over 40.

56. Plaintiff was well qualified for all positions she sought.

57. Plaintiff was not hired, and in one case not even considered, for multiple positions for which she was qualified.

58. Instead, Defendant hired significantly younger, less qualified individuals.

59. Defendant, by its agents, representatives, and employees, was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

60. Defendant failed to hire Plaintiff because of her age.

61. Defendant's actions constitute unlawful discrimination against Plaintiff because of her age pursuant to 29 U.S.C. § 623(a).

62. Defendant's actions in violation of the ADEA were willful.

63. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered loss of income, emotional and physical distress, mental and physical suffering, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

64. As a further direct and proximate result of Defendant's violation of the ADEA, Plaintiff has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

65. Defendant's actions were undertaken with callous disregard, recklessness, and indifference to Plaintiff's federally protected civil rights, entitling her to punitive damages.

## COUNT IV

## RETALIATION IN VIOLATION OF THE ADEA

66. Plaintiff incorporates by reference each preceding Paragraph as though fully restated herein.

67. At all relevant times, Defendant was an employer with more than 20 employees, and Plaintiff was an employee covered by and within the meaning of the ADEA.

68. Plaintiff engaged in protected activity under the ADEA when she asked her union to reach out to Defendant regarding Plaintiff's concerns about being passed over for hire in favor of younger individuals.

69. Defendant was aware of Plaintiff's protected activity.

70. Plaintiff was not hired, and in one case not even considered, for multiple positions for which she was qualified.

71. On top of losing these positions to younger, less qualified applicants, after Plaintiff complained about this discriminatory failure to hire, she was subjected to an untenably heavy, overwhelming workload despite her ongoing requests that it be reduced.

72. Accordingly, Defendant subjected Plaintiff to retaliation because of her opposition to age discrimination in violation of the ADEA, 29 U.S.C.A. §§ 621, *et seq*.

73. But for Plaintiff's opposition to age discrimination, Defendant would not have subjected her to retaliation.

74. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered loss of income, emotional and physical distress, mental and physical suffering, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

75. As a further direct and proximate result of Defendant's violation of the ADEA, Plaintiff has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

76. Defendant's actions were undertaken with callous disregard, recklessness, and indifference to Plaintiff's federally protected civil rights, entitling her to punitive damages.

## COUNT V

### DISPARATE TREATMENT IN VIOLATION OF ELCRA

77. Plaintiff incorporates by reference each preceding paragraph as though fully restated herein.

78. At all relevant times, Defendant was an employer and Plaintiff was an employee covered by and within the meaning of ELCRA.

79. Defendant, by its agents, representatives, and/or employees, was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

80. Plaintiff is a member of a protected group because she is over 40.

81. By assigning her an untenably heavy workload by comparison to her younger colleagues, Defendant subjected Plaintiff to disparate treatment in whole or in part because of her age.

82. But for Plaintiff's age, Defendant would not have subjected her to this disparate treatment.

83. Defendant's actions constitute unlawful discrimination on the basis of age in violation of M.C.L. 37.2202(1)(a).

84. Defendant acted willfully in violating ELCRA.

85. As a direct and proximate result of Defendant's violation of ELCRA, Plaintiff has suffered loss of income, emotional and physical distress, mental and physical suffering, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

86. As a further direct and proximate result of Defendant's violation of ELCRA, Plaintiff has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

**COUNT VI**

## HOSTILE WORK ENVIRONMENT IN VIOLATION OF ELCRA

87. Plaintiff incorporates by reference each preceding paragraph as though fully restated herein.

88. At all relevant times, Defendant was an employer and Plaintiff was an employee covered by and within the meaning of ELCRA.

89. Defendant, by its agents, representatives, and/or employees, was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

90. Plaintiff is a member of a protected group because she is over 40.

91. By assigning Plaintiff an untenably heavy workload by comparison to her younger colleagues and offering her no help or support whatsoever despite her numerous pleas, Defendant subjected Plaintiff to a hostile work environment on the basis of her age.

92. But for Plaintiff's age, Defendant would not have subjected her to this hostile work environment.

93. Defendant's actions constitute unlawful discrimination on the basis of age in violation of M.C.L. 37.2202(1)(a).

94. Defendant acted willfully in violating ELCRA.

95. As a direct and proximate result of Defendant's violation of ELCRA, Plaintiff has suffered loss of income, emotional and physical distress, mental and

physical suffering, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

96. As a further direct and proximate result of Defendant's violation of ELCRA, Plaintiff has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT VII

### FAILURE TO HIRE IN VIOLATION OF ELCRA

97. Plaintiff incorporates by reference each preceding Paragraph as though fully restated herein.

98. At all relevant times, Defendant was an employer and Plaintiff was an employee covered by and within the meaning of ELCRA.

99. Defendant, by its agents, representatives, and/or employees, was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

100. Plaintiff is a member of a protected group because she is over 40.

101. Plaintiff was well qualified for all positions she sought.

102. Plaintiff was not hired, and in one case not even considered, for multiple positions for which she was qualified.

103. Instead, Defendant hired significantly younger, less qualified individuals.

104. Defendant failed to hire Plaintiff because of her age.

105. Defendant's actions constitute unlawful discrimination on the basis of age in violation of M.C.L. 37.2202(1)(a).

106. Defendant acted willfully in violating ELCRA.

107. As a direct and proximate result of Defendant's violation of ELCRA, Plaintiff has suffered loss of income, emotional and physical distress, mental and physical suffering, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

108. As a further direct and proximate result of Defendant's violation of ELCRA, Plaintiff has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT VIII

### RETALIATION IN VIOLATION OF ELCRA

109. Plaintiff incorporates by reference each preceding Paragraph as though fully restated herein.

110. At all relevant times, Defendant was an employer and Plaintiff was an employee covered by and within the meaning of ELCRA.

111. Defendant, by its agents, representatives, and/or employees, was predisposed to discriminate on the basis of age and acted in accordance with that predisposition.

112. Plaintiff is a member of a protected group because she is over 40.

113. Plaintiff engaged in protected activity under ELCRA when she asked her union to reach out to Defendant regarding Plaintiff's concerns about being passed over for hire in favor of younger individuals.

114. Defendant was aware of Plaintiff's protected activity.

115. Plaintiff was not hired, and in one case not even considered, for multiple positions for which she was qualified.

116. On top of losing these positions to younger, less qualified applicants, after Plaintiff complained about this discriminatory failure to hire, she was subjected to an untenably heavy, overwhelming workload despite her ongoing requests that it be reduced.

117. Accordingly, Defendant subjected Plaintiff to retaliation because of her opposition to age discrimination in violation of ELCRA, M.C.L. 37.2201 *et seq*.

118. But for Plaintiff's opposition to age discrimination, Defendant would not have subjected her to disparate treatment.

119. Defendants acted willfully in violating ELCRA.

120. As a direct and proximate result of Defendant's violation of ELCRA, Plaintiff has suffered loss of income, emotional and physical distress, mental and physical suffering, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

121. As a further direct and proximate result of Defendant's violation of ELCRA, Plaintiff has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

### **RELIEF REQUESTED**

WHEREFORE, Plaintiff Melissa Carpenter prays that this Honorable Court grant the following remedies:

a. Declare that the aforementioned actions of Defendant constitute unlawful employment practices in violation of the ADEA and ELCRA;

b. Award Plaintiff all lost wages, past and future, to which she is entitled;

c. Award Plaintiff compensatory damages;

d. Award Plaintiff punitive and exemplary damages;

e. Award Plaintiff reasonable attorney's fees, costs, and interest;

f. Award such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ David A. Nacht
David A. Nacht (P47034)
**NACHTLAW, P.C**
*Attorneys for Plaintiff*
501 Avis Dr, Ste 3
Ann Arbor, MI 48108
(734) 663-7550
dnacht@nachtlaw.com

Dated: September 1, 2023

## DEMAND FOR JURY TRIAL

Now comes Plaintiff Melissa Carpenter, by and though her attorneys, NACHTLAW, P.C. and hereby demands a trial by jury in the above captioned matter.

Respectfully submitted,

/s/ David A. Nacht
David A. Nacht (P47034)
**NACHTLAW, P.C.**
*Attorneys for Plaintiff*
501 Avis Dr, Ste 3
Ann Arbor, MI 48108
(734) 663-7550 (734) 663-7550
dnacht@nachtlaw.com

Dated: September 1, 2023